IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| LOHREY HENDERSON | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:14-cv-895 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 8, "Mot.") filed by Bank of America, N.A. (BOA). The Plaintiff Lohrey Henderson (Henderson) opposes the Motion (Dkt. No. 6, "Resp."). For the reasons set forth below, BOA's Motion to Dismiss (Dkt. No. 8) is **DENIED**.

## BACKGROUND

This is an age and disability discrimination case. The following facts are undisputed. On January 5, 2013, Henderson was fired from her job at BOA. (Pl.'s Comp. ¶ 6, Dkt. No. 5); (Mot. at 1). On March 20, 2013, Henderson filed an Intake Questionnaire with the Equal Employment Opportunity Commission (EEOC). (Mot. at 2); (EEOC Questionnaire, Mot. Ex. 1).

The EEOC Questionnaire requires the applicant to fill out basic information and answer a series of questions. (EEOC Questionnaire at 1–4). The EEOC Questionnaire has a disclaimer stating that "REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination." (*Id.* at 1). At the end of the Questionnaire, there is another disclaimer. That disclaimer says, "If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns

1

about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2." (*Id.* at 4). Box 2 states the following language: "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above." (*Id.*)

Henderson checked Box 2. (*Id.*).

On April, 24, 2013, Plaintiff's counsel contacted the EEOC because no communication had been received from the EEOC regarding Henderson's claim. (Email from Cyndy Henderson, Mot. Ex. 2). An investigator with the EEOC's Dallas office explained that there was a backlog of claims in the Dallas office, but that all claims were being worked on. (*Id.*) The investigator at the EEOC requested that the Plaintiff's counsel resubmit a copy of the charge of discrimination letter so she could follow up on the claim. (Resp. Ex. C).

On October 24, 2013, having still heard nothing from the EEOC, Plaintiff's counsel again contacted the EEOC. (Resp. Ex. D). On October 29, 2013, Plaintiff's counsel faxed a letter to the investigator's supervisor requesting an update. (Resp. Ex. E). On November 7, the EEOC issued a formal (EEOC Form 5) Charge of Discrimination for execution by the Plaintiff. Plaintiff executed the Charge of Discrimination and filed this form on November 18, 2013. This was 307 days after Henderson was fired. (Mot. at 5).

BOA now alleges that Henderson failed to exhaust her administrative remedies because she did not file her charge of discrimination within 300 days of termination. (*Id.*)

**APPLICABLE LAW**

*i.    12(b)(6) Standard*

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must assume that "all well-pleaded facts are true and view[] those facts in the light most

about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2." (*Id.* at 4). Box 2 states the following language: "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above." (*Id.*)

Henderson checked Box 2. (*Id.*).

On April, 24, 2013, Plaintiff's counsel contacted the EEOC because no communication had been received from the EEOC regarding Henderson's claim. (Email from Cyndy Henderson, Mot. Ex. 2). An investigator with the EEOC's Dallas office explained that there was a backlog of claims in the Dallas office, but that all claims were being worked on. (*Id.*) The investigator at the EEOC requested that the Plaintiff's counsel resubmit a copy of the charge of discrimination letter so she could follow up on the claim. (Resp. Ex. C).

On October 24, 2013, having still heard nothing from the EEOC, Plaintiff's counsel again contacted the EEOC. (Resp. Ex. D). On October 29, 2013, Plaintiff's counsel faxed a letter to the investigator's supervisor requesting an update. (Resp. Ex. E). On November 7, the EEOC issued a formal (EEOC Form 5) Charge of Discrimination for execution by the Plaintiff. Plaintiff executed the Charge of Discrimination and filed this form on November 18, 2013. This was 307 days after Henderson was fired. (Mot. at 5).

BOA now alleges that Henderson failed to exhaust her administrative remedies because she did not file her charge of discrimination within 300 days of termination. (*Id.*)

**APPLICABLE LAW**

*i.    12(b)(6) Standard*

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must assume that "all well-pleaded facts are true and view[] those facts in the light most

favorable to the plaintiff." *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[1] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 219. "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

   *ii.*  EEOC Administrative Remedies

Federal law requires that an aggrieved party file a "charge of discrimination" or retaliation with the EEOC within 300 days after the alleged unlawful employment practice occurred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). The plaintiff is barred from pursuing her claim if the requirement is not met. *Id.* at 108.

A "charge of discrimination" is not expressly defined. *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 401 (2008). The Supreme Court, however, has held that a "charge" must meet a dual standard: (1) it must contain "the information required by the regulations, *i.e.*, an allegation and the name of the charged party," and (2) "must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

## DISCUSSION

This dispute centers on whether the EEOC questionnaire is a "charge." Neither side disputes that the questionnaire meets the first part of the dual standard: that it contains the

information required by the regulations, *i.e.*, an allegation and the name of the charged party. Instead, the dispute centers on the second part of the standard: whether the questionnaire can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

BOA points to the *Federal Express Corp.* case for the proposition that an EEOC questionnaire is not a charge. However, BOA does not dispute that the EEOC Questionnaire at issue in *Federal Express Corp.* was not the same EEOC Questionnaire filled out by Henderson. The new EEOC Questionnaire filled out by Henderson included the two boxes mentioned above. These were not a part of the questionnaire in *Federal Express Corp*. Henderson checked Box 2, which states "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above." (EEOC Questionnaire at 4).

This Court finds that such a statement is one reasonably construed as a request for the agency to take remedial action to protect Henderson's rights. Other courts across the country have reached the same conclusion. *See, e.g.*, *Brahmana v. Lembo*, No. C-09-00106, 2010 WL 965296, at *1 (N.D. Cal. Mar. 17, 2010) ("Because [Plaintiff] checked the box indicating that he wanted to file a charge of discrimination, the questionnaire is reasonably construed as a request for the agency to take remedial action."); *Crevier-Gerukos v. Eisai, Inc.*, No. Civ.A. H-11-0434, 2012 WL 681723, at *8–9 (S.D. Tex. Feb. 29, 2012) (noting that "Gerukos checked Box 1" and that "Gerukos's intake questionnaire qualifies as a 'charge' under Title VII").

Accordingly, a "charge" was filed well within the 300 day period and Henderson is not barred from pursuing her claim.

4

## CONCLUSION

For the reasons set forth, BOA's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 8) is **DENIED**. The Clerk of this Court is also directed to terminate BOA's Motion to Dismiss Plaintiff's Original Complaint (Dkt. No. 4), since it was filed prior to the current motion, is **DENIED-AS-MOOT.**

**So ORDERED and SIGNED this 15th day of May, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE